IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 05-cv-01674-MSK-CBS

TEST SERVICES, INC.,

       Plaintiff,

v.

THE PRINCETON REVIEW, INC.,

       Defendant.

---

**ORDER DENYING TEMPORARY RESTRAINING ORDER, SETTING
HEARING TO SCHEDULE PRELIMINARY INJUNCTION HEARING,
AND DIRECTING RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION**

---

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction **(# 2)**.

In highly abbreviated summary, Plaintiff Test Services' Complaint **(# 1)** alleges that it is a franchisee of Defendant Princeton Review, and contractually entitled to regular renewal of its franchise agreement upon certain terms. By its terms, the present franchise agreement terminates on December 31, 2005, and Test Services must complete all of the steps to effectuate renewal of that agreement– including the signing of a renewed franchise agreement– by September 9, 2005.[1]

---

[1] The agreement appears to require renewal to be completed by September 2, 2005, but the Plaintiff represents that the Defendant has agreed to extend that deadline until September 9,

1

Test Services contends that Princeton Review is obstructing its attempts to complete the renewal process by tendering a proposed renewed franchise agreement that, Test Services contends, sharply curtails rights that Test Services is entitled to retain.  Test Services seeks a Temporary Restraining Order and Preliminary Injunction requiring Princeton Review to proffer a proposed renewed franchise agreement consistent with Test Services' present contractual rights and prohibiting Princeton Review from terminating the parties' franchise relationship upon the expiration of the current franchise agreement.

Having reviewed Test Services' submissions, the Court finds that a Temporary Restraining Order is not appropriate.  Pursuant to Fed. R. Civ. P. 65(b), a Temporary Restraining Order is appropriate only where "immediate and irreparable injury . . . will result to the applicant before the adverse party or that party's attorney can be heard in opposition."  Because the harm claimed by Test Services will not occur until at least[2] September 9, 2005, there is sufficient time for Princeton Review to respond.  The Court will direct Princeton Review to

---

2005.

[2]The Court is not convinced that any real harm will result until December 31, 2005, when the current franchise agreement expires.  Test Services has alleged that it has complied with all of the steps necessary to renew that agreement except signing the renewal agreement, and contends that its ability to carry out that final step has been prevented by Princeton Review's conduct.  Assuming the Court ultimately finds Test Services' position meritorious, one possible remedy might be reformation of the current franchise agreement to deem Test Services to have timely completed all of the steps required for renewal.

file a response to Test Services' Motion for Preliminary Injunction on or before **4:00 p.m.** on **Tuesday, September 6, 2005**.

The Court will conduct a non-evidentiary hearing on **Wednesday, September 7, 2005** at **2:00 p.m.** for the purpose of setting a preliminary injunction hearing and addressing the course of future proceedings in this matter, including whether this case is suitable for consolidation of the hearing on the Motion for Preliminary Injunction with trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2). Counsel shall bring their calendars.

Dated this 31st day of August, 2005.

                                        **BY THE COURT:**

*[signature: Marcia S. Krieger]*

                                        Marcia S. Krieger
                                        United States District Judge